452

BLOEDE et al. *v.* MacNABB, Jr.

[No. 290, September Term, 1962.]

*Decided May 14, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

*Harry Goldman, Jr.,* for appellants.

*George Barrett Johns* and *Richard C. Murray,* with whom were *Smith & Harrison* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal by the protestants (Carl S. Bloede and others) in a zoning case from the order of the Circuit Court for Baltimore County affirming the order of the board of appeals granting the petitioner (Edward S. MacNabb, Jr.) a use permit for commercial funeral home parking in a residential area.

The petitioner owns and has operated as a nonconforming use for approximately thirty years a funeral home located on the southwest corner of Wade Avenue and Frederick Road in the Catonsville area. He also owns the lot, which is the subject of this controversy, having acquired it by deed from the State Roads Commission which had acquired it by condemnation in the course of constructing the Baltimore Beltway. The lot, which lies in a northerly direction from the funeral home, across, but not immediately adjacent to, Frederick Road, is located in a residential area on the east side of a private road known as Arbutus Avenue. The lot is bounded on the east and south by the right-of-way of the State Roads Commission used as an exit from the Beltway into Frederick Road. Between the lot and the paved portion of the Beltway exit there is a turf-covered shoulder or slope, eighteen feet in width at its narrowest point, extending along the right-of-way to Arbutus Avenue. At present the whole lot is unimproved and is covered with trees and undergrowth which serve to shield the properties of the protestants from the commercial areas along Frederick Road. It is conceded that the lot cannot be used for residential purposes.

The trees and undergrowth on the southerly end of the lot are to remain, but that part of the lot proposed to be used as a parking facility will, if granted, accommodate thirteen passenger automobiles which would otherwise have to be parked on the public streets in the area. And while patrons using the parking lot would ordinarily have to cross Frederick Road, not only against the normal traffic on that street but also against the merging traffic from the Beltway, at a point where there is no traffic control signal, the petitioner proposes to remedy this condition by having the attendants at the funeral home park the automobiles of the patrons on the parking lot and return them as and when required.

One of the contentions of the protestants (and the only one we need consider) is that the order granting the off-street parking permit violated the applicable zoning regulations.

Section 409.4 a of the Baltimore County zoning regulations authorizes the zoning commissioner to issue a permit for the use of land in a residential zone for a parking area, provided such use permit is conditioned on, among other requirements, the land so used being either adjoining or "across an alley or street from the business or industry involved."

Whatever other situations may be included in the phrase "across the street from," we think it cannot be said—bearing in mind that the word "street" in the zoning regulations is defined in part as a right-of-way providing primary access to properties abutting thereon—that the proposed parking lot is across the street from the funeral home when in fact it is separated therefrom not only by Frederick Road but also by the intervening turf-covered shoulder or slope along the Beltway exit owned by the State Roads Commission.

The order of the lower court affirming the order of the board of appeals must therefore be reversed.

*Order reversed; the costs to be paid by the appellee.*